## CARR *v.* WRIGHT.

PRACTICE—DEPOSITIONS.—A motion to suppress depositions should embrace and set forth all the objections thereto.

IDEM.—Part of the exceptions cannot be raised and argued at one time and part at another.

IDEM.—The argument of a motion to suppress depositions must be made before the trial commences.

EVIDENCE—ATTACHMENT.—Where certain parties attached the goods of W. as the property of W. & Co., and W. replevied such property on the ground that he was not a member of such firm: *Held,* that on the trial of the suit in replevin, the evidence of the statements on various occasions by the plaintiff W., that he was a member of such firm, was admissible; and that the exclusion by the court of such testimony was a fatal error.

ERROR to the First District Court for Laramie County.

The opinion contains a full statement of the case.

*D. McLaughlin* and *Thomas J. Street,* for plaintiff in error.

First error alleged: That the court erred in overruling the defendant's motion in the court below, to strike from the files the motion of plaintiff, in the court below, to suppress the depositions taken by the defendant.

Second error alleged: That the court erred in sustaining the motion of the plaintiff, in the court below, to suppress the depositions taken by defendant. These may be considered together, as they relate substantially to the same matter. It appears from the record, that on the fifteenth day of March, 1873, the depositions of Patrick N. Glynn,

Thomas Keyes, Jacob Solomon, Peter H. Sharp, W. J. Hamilton and Daniel Shea, had been taken at Omaha, state of Nebraska, to be used on the trial of this cause, on be-, half of the defendant. That notice of the time and place of taking depositions had been served on E. P. Johnson, one of the plaintiff's attorneys; and that said depositions had reached this court, and were filed herein prior to March 20, 1873. That on said twentieth day of March, 1873, plaintiff filed his motion to suppress parts of said depositions, on the grounds of "incompetency and irrelevancy;" and on the same day, plaintiff filed his second motion (under sec. 389, Code, 1869), requiring the court to "hear and decide" plaintiff's motion to suppress, before the commencement of the trial. The court did so "hear and decide," and over-ruled the motion. On the twenty-second day of March, 1873, two days after overruling the motion to suppress, the case was called for trial, a jury impaneled and sworn, and the plaintiff introduced evidence to establish his cause of action.

After plaintiff rested his case, a motion for a nonsuit was made by the defendant, which prevailed. On the twenty-fourth day of March, the plaintiff applied to the court to set aside the nonsuit, which the court did on the first day of April, 1873; and on the eleventh day of April, 1873, on defendant's application, the cause was continued until next term (July term, 1873). On the twelfth day of August (July term), 1873, the case was called for trial, and, by agreement of attorneys, Judge Fisher was excused from presiding at the trial, and Judge Carey, by consent, pre-sided thereat. On the thirteenth day of August, 1873, the day after the case was called for trial at the July term, plaintiff moved to suppress the depositions taken thereto-fore by the defendant, for the reason that "no notice of the taking the same was given, as required by law." This mo-tion was sustained by the affidavit of E. P. Johnson, which is now a part of the record. Thereupon, on the same day, August 13, 1873, defendant moved to strike the motion

of plaintiff to suppress the depositions from the files. The court denied this motion of the defendant, and herein is alleged the first ground of error; and the court sustained the motion of the plaintiff to suppress the depositions theretofore taken by defendant, and therein is alleged the second ground of error. As to when exceptions to depositions may be taken, other than for incompetency or irrelevancy, see Laws of Wyoming, secs. 382, 388, 389; also *Cowan* v. *Ladd*, 2 Ohio St. 522; *Crowell* v. *W. Res. Bank*, 3 Ohio St. 406.

Third, fourth and fifth errors:. These may also be considered together. The plaintiff in his direct examination said: "On the forenoon of that day, I was in possession of the above described goods, at Cheyenne, on Seventeenth street, in the store of Hays & Benton; and was at that time the owner of the same, at the time they were taken by defendant:" page 34, lines 8 to 15 inclusive. The plaintiff having testified on his own behalf, on his direct examination, that he was the owner of the goods, it was proper cross-examination to ask him the question referred to; and it was error in the court to·sustain the objections to them made by the plaintiff.

Sixth error: The refusal to permit the question alluded to from being asked, was manifestly erroneous. The witness was not required to state what the papers contained; only to state what they purported to be.

Seventh, eighth and ninth errors: Clearly error, because no connection between defendant, Carr, and Mead was established, and it was wholly immaterial how Mead took the goods, no proof showing that he was acting for Carr.

Tenth error: Refusal of court to sustain motion for nonsuit. "If the evidence adduced by the plaintiff will not authorize the jury to find a verdict for the plaintiff, it is the the duty of the court to nonsuit him:" Laws 1869, p. 529, sec. 116; *Pratt* v. *Hall*, 13 Johns. 334; *Labar* v. *Koplin*, 4 Const. N. Y. 547; *Stuart* v. *Simpson*, 1 Wend. 376; *De Meyer* v. *Sowzer*, 6 Id. 436; *Wilson* v. *Williams*, 14 Id. 146;

*Doane* v. *Eddy*, 16 Id. 523; *McMartin* v. *Taylor*, 2 Barb. 356; *Carpenter* v. *Smith*, 10 Id. 663; 2 Cal. Dig. cases cited, 31.

Eleventh, twelfth, thirteenth and fourteenth errors: See the pleadings in the action; allegation of copartnership in the answer; no denial of allegation verified by the affidavit of the plaintiff: Code 1869, p. 529, sec. 116.

Fifteenth to twenty-fourth error, inclusive: May be considered together, and for same and similar reasons.

Twenty-fifth and twenty-sixth errors: May be considered together, for same and similar reasons.

Twenty-seventh error: Same and similar reasons and authority as for eleventh and twelfth alleged errors.

Twenty-eighth error: Refusing to set aside verdict for errors of law; and on account of newly discovered evidence.

Twenty-ninth error; see Code 1869, p. 592, sec. 438.

*E. P. Johnson* and *W. W. Corlett*, for defendant in error.

This is a petition in error brought to reverse the judgment of said cause rendered in the district court of Laramie county.

I. The first two errors may be considered as one, and involve the question as to whether the court erred in suppressing certain of defendant's depositions on the motion of the plaintiff. The motion to suppress the depositions was based on insufficiency of the notice on which they were taken in giving the plaintiff sufficient time. As the record here does not contain that notice, the propriety of the decision of the court below cannot be considered here. But it is insisted that the trial commenced before said motion was heard. But the record shows that after said motion to suppress depositions was sustained, the jury came to try the cause: See page 31 of record. But it is claimed that because previous to that time a motion to suppress parts of the depositions for incompetency and irrelevancy had been refused that the matter was *res adjudicata*. But the statute permits an objection for incompetency and

irrelevancy to be made on the trial when the evidence is
offered.    That right cannot be taken away.    Besides, the
motion to suppress parts of said deposition was overruled,
simply because it could not then be determined whether or
not the objections were well taken.    As is well known, it is
the constant practice of the courts to postpone the final de-
cision of such questions until the trial develops whether or
not the evidence objected to is really incompetent or irrel-
evant.    But we deny that the decision of Judge Fisher was
in any way binding on Judge Carey.    Judge Carey occu-
pied precisely the same position and possessed the same
authority that Judge Fisher would have possessed if no
changes of judges had occurred.    Now if Judge Fisher had
remained on the bench on the trial of this case, he would
have possessed the undoubted power, at any time during
the term of said district court, to reverse any or all of his
decisions in any case.    So Judge Carey, taking his place,
possessed an equally undoubted power to decide any ques-
tion that arose before him.    On these points, see section
276 of the code of 1869, p. 562, Laws of 1869.    Also, see
section 387-9, 396 of same code, p. 583, Laws of 1869.

II. As to the third error assigned, it suffices to say that
the question was not proper cross-examination, and did not
relate to any matter at issue in the case.    The plaintiff
merely stated on his examination in chief that on a certain
named day he was the owner of and in the possession of the
goods replevined.    Nowhere in his examination in chief
did he testify a word as to, from whom, or when or where
he obtained the goods; hence the defendant had no right
to cross-examine to that extent.    The extent to which the
right of cross-examination may be carried rests in the dis-
cretion of the court at *nisi prius*, and is not the subject of
review for error:    See Greenl. on Ev., sec. 447; 7 Cush.
547-550.

III. The fourth and fifth errors assigned were precisely
the same as the third.

IV. The sixth error assigned is absurd upon its face.    To

allow a witness to state what a paper purported to be would be infinitely worse than to allow the witness to state the contents of a paper without first showing it to be lost.

V. The seventh error assigned is shown to be worse than puerile by examining the cross-examination of plaintiff, wherein it appears that the fact is elicited that Mead took possession of the goods, first acting for the defendant Carr: See record, p. 30.

VI. The eighth error assigned has just as much ·in it as the seventh and no more: See the record, p. 30.

VII. The ninth error assigned is subject to the same remarks as the seventh and eighth.

VIII. As to the tenth error it is enough to say, that ·the defendants' answer admits the taking of the goods. That matter was not in issue, therefore, and it was wholly unnecessary to prove that Carr took the goods at all as that was admitted in the answer. But even if such proof was necessary we simply refer the court to the testimony of the plaintiff which was in when the motion to nonsuit was made: See record, 32 to 42 inclusive.

IX. As to the eleventh error, it suffices to say, that they were clearly inadmissible in the first place, and that the defendant finally amended his answer so as to conform it to the writs, and thereupon the writs were received in evidence. All these writs simply commanded the sheriff to levy upon the property of certain firms as such, not giving the names of the members of the firms. Nothing could, therefore, be taken upon these writs, but the property of said firms, and not the property of any individual. On this question see sections, 830, 831, 832 and 833 of the code of 1869; Laws of 1869, 679, 680.

X. The thirteenth error cannot be considered, for the reason that the rejected written evidence is not in the record; besides it is apparent that the summonses were inadmissible.

XI. The fourteenth error cannot be considered, because of the reasons just stated, as to the thirteenth error.

XII. The fifteenth error assigned, is disposed of by

simply considering whether the question asked Powell related to any matter in issue by the pleadings. Under the pleadings the only issues were: 1. Was George L. Wright the owner of certain designated goods at the time of the commencement of the action; or, 2. At the said time did the goods belong to certain firms, designated in the said writs of attachment. Excepting the damages, these were the only questions in issue in the case. It must be apparent at once, that the questions propounded to Powell had not the remotest relation to the issues.

The sixteenth error assigned is subject to the same observation as the fifteenth.

Before concluding, counsel desires to refer to the claim made by counsel for defendant, to the effect that the allegations, as to the existence of certain partnerships in the answer was conclusive, because not denied by a sworn reply from the plaintiff. We answer, what of it? The defendant abandoned every answer but the last one filed by amendment; and now suppose, for the sake of argument, we admit that the allegations respecting the existence of certain firms as made in said answer are true, how does that help the defendant? Suppose the existence of those firms is conclusively admitted; does that prove that they own the property in question. But perhaps it is claimed that the allegation, that said firms owned the property, is also to be taken as true. But, clearly, no reply can be filed, save in answer to a set-off, or counter-claim. There is neither counter-claim nor set-off in the answer in this case, and on this question see sections 110 and 137, code of 1869; Laws of 1869, 528 and 532.

By the Court, FISHER, C. J. On or about the fourth of January, A. D., 1873, several attachments were issued by merchants in the city of Omaha, in the state of Nebraska, against a firm alleged to be composed of the defendant in error, and several others, sometimes known by the name and style of Wright & Co., G. W. Wright & Co., and by several other designations. That by virtue of these several

writs of attachment, certain goods, wares and merchandise, in the possession of the said defendant in error, who it was alleged was a member of the firm aforesaid in all its various forms, were attached to satisfy the claims of the attaching creditors by the sheriff of Laramie county. Shortly after the service of the said attachments, and the taking possession by the said sheriff of the said goods, wares and merchandise, the defendant in error, who was plaintiff below, had a writ of replevin issued, and, by virtue thereof, the said goods were returned to him by the sheriff, and on the trial, the defendant in error, who was plaintiff below, recovered a verdict for the sum of fifteen dollars. The counsel for the plaintiff in error, who was defendant below, filed his motion for a new trial, and assigned the same errors, which are set out in the petition in error; said motion being overruled, they brought the case to this court and assigned twenty-nine errors as follows:

The first error complained of is that the court below erred in refusing the motion of the defendant below to strike from the files of the court a motion filed by the counsel for plaintiff, to suppress certain depositions taken on behalf of defendant.

The record shows that the case was called for trial on the twelfth day of August, 1873, and that the motion to suppress the depositions was filed on the day following, after, as it is alleged, the trial had been commenced. While, on the other hand, it is claimed on the part of defendant in error that the trial did not commence until August 13, and that previously to the beginning of the trial the motion to suppress the depositions had been made and sustained. It therefore becomes a question for this court to determine when the trial properly commenced, so as to know whether under the statutes the time had expired when the motion should have been allowed or not.

The record further shows, that on the twentieth day of March, 1873, the then attorneys for the defendant in error, plaintiff below, viz: E. P. Johnson and Wm. H. Miller,

filed a motion to suppress portions of the same depositions, on the grounds of incompetency and irrelevancy, which motion was overruled, and it is therefore claimed that the plaintiff was estopped from filing any other exceptions; first, upon the ground that the question was *res judicata;* and, secondly, that all the objections to the depositions should have been included in the first motion; and, thirdly, that the trial commenced on the twelfth of August, and that by the provision of the statute it was too late to sustain the motion to suppress.

The next error, or rather set of errors, complained of was the refusal of the court to permit the defendant in the trial below to introduce evidence to sustain the allegations of the answer to plaintiff's petition that he, the plaintiff, was a member of the firm of Wright & Co., G. W. Wright & Co., and the various forms of partnership alleged in the affidavits upon which the attachments were issued—for this purpose the defendant called several witnesses—and also claims that the suppressed depositions would have established the fact as stated, viz: that the plaintiff below in this action had admitted that he was a member of the firm thus variously presented; all of which the defendant below was prevented doing, both by the suppression of the depositions and the refusal of the court to admit the witnesses called to testify to the statements of the plaintiff below made at various times and to different persons.

The next and last exception requiring special notice by this court was the refusal of the court below to order a nonsuit at the close of the testimony for the plaintiff below. The record shows that the action of replevin was commenced against T. Jeff. Carr in his individual capacity, while the defendant below (Carr), in filing his answer, denies all the allegations of the plaintiff's petition, and then justifies as sheriff. For this reason the counsel for the plaintiff below contend that, although the answer denies the allegations of the petition, yet this farther answer in justification is such an admission on his part as would not only

relieve the court from granting the nonsuit, but leaves it obligatory on the court to refuse the motion.

We have passed over a large number of the exceptions filed by the plaintiff in error, inasmuch as the whole controversy is involved in a few of the questions raised and upon which the plaintiff in error relies, and in passing upon the exceptions we propose to vary somewhat the order in which they are presented, and therefore first pass upon the question of the nonsuit; while we shall not hold it to be error in the court below having refused the nonsuit when asked, neither would we have held it to have been error to have allowed it.    There is so much in the discretion of the court on the subject of nonsuits, that the record should show beyond all doubt such a state of facts that a court of *nisi prius* has no grounds to either grant or refuse the demand for nonsuit (as the case may be), when made, before a reviewing court should reverse its rulings; in either case that such reviewing court should hesitate in setting aside the proceedings for either such granting or refusal.    And while we think that we might have ruled differently, the record in our judgment does not present such a state of facts as would justify the court in calling it error to refuse the nonsuit.

On the questions of suppressing the depositions, we have no doubt that the court erred.    First, we think all the exceptions to the depositions should have been raised at the time the exceptions were presented at the March term, so that the court might have passed upon them.    It was folly to expect a court to pass upon the question of their relevancy or pertinence at that time, inasmuch as neither of these questions could have been passed upon previous to the hearing of the other parts of the testimony, which alone could enable the court to know whether the depositions were proper or not; but if the question as to the time of taking the depositions had been raised there, there need be no doubt upon that point, as it is one settled by the statute.    But we think that one question having been raised, it was the duty of the party raising it to present any and all other objections at the same

time.   Furthermore we think the record shows that the trial had commenced before the motion to suppress for want of proper notice was raised.   It was held by the counsel for defendant in error, on the argument upon the exceptions, that the trial commenced when the jury was sworn.   This was a special view of the subject, but we think very unsound; sad experience has taught us that a very large space of time is often consumed in the trial of cases before the jury is sworn, or even called, and we think the record clearly justifies us in considering this case on trial on the twelfth of August, 1873, while the motion to suppress the depositions does not claim to have been filed until the thirteenth; therefore in either view of the case we think the motion came too late.   If we are right in holding that all the exceptions should have been taken at the March term, and we have no doubt upon that question, then it was not important whether the trial commenced on the twelfth or thirteenth of August, either day would be too late to make a motion to suppress.   While admitting that this point was not well taken by the plaintiff in error, if the trial commenced on the twelfth of August, and the motion filed on the thirteenth, it was a fatal error to refuse the motion to strike off the plaintiff's (below) motion to suppress.

On the several exceptions to the ruling of the court to refuse the defendant below to prove the partnership of George L. Wright in the firm, which has assumed so many forms, we think there was manifest error.   The defendants below set out in their answer the fact, or at least alleged fact, that the plaintiff was not the owner of the goods taken in replevin, but that they were held by the said firm.   Surely they had a right to offer proof to establish this allegation; and if the questions which the record shows were put to the several witnesses, or at least some of the questions, were refused, we are at a loss to conceive how it would be possible to establish the allegations of the defendant's answer.

We fail to find anything in the authorities cited which relieves the rulings of the court from the errors above re-

ferred to.  While we have passed over a large number of the exceptions set out in the brief of the plaintiff in error, we think there are ample grounds in the ones passed upon to justify us in refusing to affirm the proceedings as presented in the record.

We therefore reverse the judgment, and remand the case for a new trial.